PAUL ELDER                                                                    PLAINTIFF


v.                                               CIVIL ACTION NO. 3:13-CV-00564-CRS


DH CAPITAL MANAGEMENT, INC.                                        DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on a motion to dismiss (DN 4) filed by Defendant DH

Capital Management, Inc. ("Defendant"), and a motion for leave to file an amended complaint

(DN 10) filed by Plaintiff Paul Elder ("Plaintiff"). For the reasons set forth below, the Court will

grant the motion for leave to file an amended complaint and deny as moot the motion to dismiss.

## BACKGROUND

Unless otherwise noted, the following facts are undisputed. On May 5, 2010, Defendant

filed an action against Plaintiff in Spencer County District Court seeking to collect the balance of

a credit card account which had been assigned to Defendant by Chase Bank. On June 8, 2010,

Defendant filed a motion for default judgment, which was granted on August 9, 2010. On

September 15, 2010, Defendant filed a Notice of Judgment Lien ("Lien") in the Spencer County

Clerk's Office upon real property owned by Plaintiff.

On June 8, 2012, Plaintiff filed a motion to vacate the default judgment, arguing

improper service of process. On July 3, 2012, the court entered an order vacating the default

judgment. However, Defendant's Lien was not released until June 26, 2013.

Plaintiff filed the present action alleging that Defendant violated Sections 1692e and 1692f of the Fair Debt Collections Practices Act ("FDCPA"). Specifically, Plaintiff's Complaint alleged that Defendant violated the FDCPA by: 1) failing to release the judgment lien on Plaintiff's property after the default judgment was vacated; and 2) permitting the judgment lien to thereafter remain in place, thereby causing negative information to be reported on Plaintiff's credit reports. (Complaint, DN 1, at ¶ 36).

On July 11, 2013, Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted. (DN 4). In his response, Plaintiff referenced several alleged violations of the FDCPA which were not clearly set forth in his Complaint.[1] (DN 5). In its reply brief, Defendant challenged Plaintiff's reliance on allegations not set forth in his Complaint, arguing that such allegations could not be used to defeat its motion to dismiss. (DN 7).

On August 6, 2013, Plaintiff filed a motion for leave to file an amended complaint, arguing that an amendment was necessary in order "to address Defendant's concerns" regarding the allegations upon which he relied in his response brief. (DN 10). In addition to those set forth in his original complaint, Plaintiff's proposed amended complaint incorporates the following factual allegations:

1) that Defendant's Lien attempted to collect principal, interest, attorney's fees, court costs, and postjudgment interest to which, after the default judgment was set aside, DHC has no legal right;

2) that Defendant's state-court complaint against Plaintiff demands costs, attorney's fees, contractual interest, and postjudgment interest to which Defendant is not entitled.

(Proposed Amended Complaint, DN 10-1, at ¶¶ 25–34). Like his original complaint, Plaintiff's proposed amended complaint relies exclusively on of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

_____

[1] Plaintiff disputes that these alleged violations were not set forth in his original complaint.

However, it expands on the original complaint by alleging that Defendant violated the following specific subsections thereof:

1) Section 1692e(2)(A) to the extent Defendant's Lien falsely represents character and legal status of debt and falsely represents amount of debt by including court costs and postjudgment interest to which DHC is not entitled;

2) Section 1692e(4) to the extent Defendant's Lien creates false impression that Defendant would enforce its judicial lien through attachment and sale of Plaintiff's property;

3) Section 1692e(5) to the extent Defendant's Lien constitutes threat to take action (attachment and forced sale) that cannot be legally taken;

4) Section 1692e(8) to the extent Defendant's Lien constitutes false credit information which Defendant communicated by permitting lien to remain a public record after vacation of default judgment;

5) Section 1692e(10) to the extent Defendant's Lien falsely states that DHC has valid, enforceable judgment against Plaintiff, which Plaintiff alleges constitutes making a false representation in an attempt to collect a debt;

6) Section 1692f(1) to the extent Defendant's Lien constituted an attempt to collect costs, attorney's fees, contractual interest, and postjudgment interest to which Defendant was not entitled.

(Proposed Amended Complaint, DN 10-1, at ¶ 35). According to Plaintiff, the proposed amended complaint does not set forth any claims not contained in his original complaint, but merely particularizes the legal basis for the claims set forth therein. In response, Defendant has advanced two arguments. First, Defendant argues that Plaintiff seeks to amend his complaint for an improper purpose—namely, in order to address the deficiencies of his original complaint identified in Defendant's Motion to Dismiss. Because "[i]t is axiomatic that a plaintiff cannot add new claims to his complaint in order to avoid a motion to dismiss," (Resp. in Opp'n to Pl.'s Mot. for Leave to Amend, DN 12, at 4), Defendant argues that the motion for leave to amend must be denied. Second, Defendant argues that the claims set forth in Plaintiff's proposed amended complaint are based on factual allegations not contained in his original complaint, and therefore must be treated as entirely new claims. Accordingly, Defendant argues that Plaintiff's

Motion for Leave to File an Amended Complaint must be denied as futile because his proposed amended complaint contains new claims which would not relate back under Fed. R. Civ. P. 15(c)(1)(B).

Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address the motion to dismiss as well as the motion for leave to file an amended complaint.

## STANDARD

A court must first consider a motion to amend before dismissing a complaint. *Rice v. Karsch*, 154 F. App'x 454, 465 (6th Cir. 2005). Accordingly, the Court will address the motion for leave to file an amended complaint prior to the motion to dismiss.

### i. Motion to Amend Complaint

Fed. R. Civ. P. 15(a)(2) provides that leave to amend pleadings should be "freely give[n]... when justice so requires." Generally, a plaintiff's motion for leave to amend his complaint should be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue… of the amendment, [or] futility of amendment…" *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[d]elay by itself is not sufficient reason to deny a motion to amend." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458 (6th Cir. 2001) (quoting *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)).

### ii. Motion to Dismiss

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if "the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint

need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of

his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation

marks and alteration omitted).

## DISCUSSION

### i. Motion to Amend Complaint

Defendant first argues that the motion for leave to amend must be denied because

Plaintiff seeks leave to amend for the improper purpose of remedying deficiencies in his original

complaint which were identified in Defendant's Motion to Dismiss. According to Defendant,

Plaintiff's Motion for Leave to file an Amended Complaint "seeks to avoid or to delay dismissal

by adding new FDCPA claims" because he now recognizes that "[h]is original claims… have no

merit." (Resp. in Opp'n to Pl.'s Mot. for Leave to Amend, DN 12, at 4). Because "[i]t is

axiomatic that a plaintiff cannot add new claims to his complaint in order to avoid a motion to

dismiss," (Resp. in Opp'n to Pl.'s Mot. for Leave to Amend, DN 12, at 4), Defendant argues that

the motion for leave to file an amended complaint must be denied.

Defendant's argument is premised on his assumption that Plaintiff's proposed amended

complaint contains claims not set forth in his original complaint. However, as explained more

fully below, Plaintiff's proposed amended complaint does not set forth new claims, but instead

merely particularizes the legal basis for claims already set forth in his original complaint.

Accordingly, Defendant's contention that Plaintiff is seeking to circumvent the motion to dismiss is without merit and does not justify denial of Plaintiff's Motion for Leave to Amend.

Defendant next argues that Plaintiff's Motion for Leave to file an Amended Complaint must be denied as futile. According to Defendant, the claims set forth in Plaintiff's proposed amended complaint are based on factual allegations not contained in his original complaint, and therefore must be treated as entirely new claims. Thus, Defendant argues that Plaintiff's Motion for Leave to File an Amended Complaint must be denied as futile because his proposed amended complaint contains new claims which would not relate back under Fed. R. Civ. P. 15(c)(1)(B).

Because Plaintiff's proposed amended complaint does not set forth new claims, but instead merely particularizes the legal basis of claims already set forth in his original complaint, Defendant's futility argument is unavailing. Fed. R. Civ. Proc. 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In his original complaint, Plaintiff alleged that Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f by: 1) failing to release the judgment lien on Plaintiff's property after the default judgment was vacated; and 2) permitting the judgment lien to thereafter remain in place, thereby causing negative information to be reported on Plaintiff's credit reports. (Complaint, DN 1, at ¶ 36). Although not specifically stating the subsections of the FDCPA upon which Plaintiff relied, Plaintiff's original complaint nevertheless clearly notified Defendant that Plaintiff intended to assert claims under Sections 1692e and 1692f based on Defendant's failure to release the Lien following the vacation of the default judgment. This is true notwithstanding the fact that Plaintiff's proposed amended complaint contains factual allegations not contained in the original complaint. Although Plaintiff's original complaint did

not mention that Defendant's state-court action sought to recover costs, attorney's fees, contractual interest, and postjudgment interest to which Plaintiff claims Defendant is not entitled, these allegations are sufficiently related to those plead in the original complaint that Defendant may be regarded as having been notified thereof. Thus, even Plaintiff's Section 1692f(1) claim based on these additional allegations will be deemed to have been properly set forth in the original complaint.[2] Because the statute of limitations is thereby rendered inapposite, the Court concludes that Plaintiff's Motion for Leave to File an Amended Complaint is not futile and must therefore be granted.

## ii. Motion to Dismiss

Defendant's Motion to Dismiss will be denied as moot. *See Am. Guarantee & Liab. Ins. Co. v. CTA Acoustics, Inc.*, No. 05-80-KKC, 2008 WL 1924229, at*2 (E.D. Ky. Apr. 29, 2008) (stating that "…because the amended complaint supersedes all previous complaints and becomes the only operative pleading, it renders moot any pending motions to dismiss the original complaint.").

A separate order will be entered in accordance with this opinion.

**Charles R. Simpson III, Senior Judge**
**United States District Court**

February 21, 2014

---

[2] Even were we to conclude that it had not been set forth in the original complaint, Plaintiff's Section 1692f(1) claim would relate back to the date the original complaint was filed under Fed. R. Civ. P. 15(c)(1)(B) because the claim certainly "arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." In either case, the statute of limitations would be inapposite, thus rendering Defendant's futility argument unavailing.